IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

DALLAS SAVILLE TILLMAN,

    **Plaintiff,**

v.                                                                 Civil Action No. 3:22cv770

MR. ROTH, *et al.*,

    **Defendants.**

## MEMORANDUM OPINION

Plaintiff, a former Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action. In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983). In his original Complaint, Plaintiff did not identify the particular constitutional right that was violated by Defendants' conduct. Plaintiff's allegations also failed to provide each defendant with fair notice of the facts and legal basis upon which his or her liability rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Accordingly, by Memorandum Order entered on August 10, 2023, the Court directed Plaintiff to file a particularized complaint. The Court provided Plaintiff with specific instructions to follow. The Court indicated that it would only consider one complaint and Plaintiff may not tack on additional facts, allegations, or claims later. The Court further explained that the "particularized pleading will supplant the prior complaints. The particularized pleading must stand or fall of its own accord." (ECF No. 19, at 2.)

In response, Plaintiff submitted a two-page particularized complaint that did not correct the deficiencies in his original Complaint and provided far fewer facts about his claims. Plaintiff indicated that he "already submitted . . . pieces of paper [that] mention[ed]" the facts. (ECF No. 16, at 1.) By Memorandum Order entered on September 11, 2023, the Court noted:

> As explained in its previous order, the Court will not consider any earlier filed complaint or statement of his claim.
>
> Plaintiff also fails to identify the Defendants he wishes to name at the top of the particularized complaint, the submission contains no claims, and Plaintiff does not indicate why each defendant is liable. Therefore, he fails to provide each defendant with fair notice of the facts and legal basis upon which his or her liability rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

(ECF No. 17, at 1.) The Court directed Plaintiff to submit a second particularized complaint within thirty (30) days of the date of entry thereof. The Court warned Plaintiff that the failure to submit a second particularized complaint would result in the dismissal of the action.

More than thirty (30) days have elapsed since the entry of the September 11, 2023 Memorandum Order. Plaintiff failed to submit a second particularized complaint or otherwise respond to the September 11, 2023 Memorandum Order.[1] Accordingly, the action will be DISMISSED WITHOUT PREJUDICE.

An appropriate order will accompany this Memorandum Opinion.

Date: 12/4/2023  
Richmond, Virginia

/s/  
M. Hannah Lauck  
United States District Judge

---

[1] On September 25, 2023, the Court received a notice of change of address from Plaintiff. (ECF No. 18.) Because it was unclear whether Plaintiff received the September 11, 2023 Memorandum Order, the Clerk mailed Plaintiff a copy to Plaintiff at his updated address. More than thirty days have elapsed since the Clerk remailed the September 11, 2023 Memorandum Order and Plaintiff has not filed a second particularized complaint or any other response.